NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-7191

DANNY E. SAINTIGNON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Danny E. Saintignon, of Fayetteville, Arkansas, pro se.

James W. Poirer, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2005-7191

DANNY E. SAINTIGNON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D.,
Secretary of Veterans Affairs

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 04-295, Judge Alan G. Lance, Sr.

_____

DECIDED:  November 10, 2008
_____

Before MICHEL, Chief Judge, CLEVENGER and MOORE, Circuit Judges.

PER CURIAM.

Danny E. Saintignon ("Saintignon") appeals from the August 3, 2005, final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming an October 7, 2003, decision of the Board of Veterans' Appeals ("BVA") that denied service connection for residuals of a head injury.  We remand.

I

Before the Veterans Court, Saintignon raised three arguments.  First, he argued that he had not been provided one of the notices required by 38 C.F.R. § 3.159(b)(1)

(2004), and asserted that if he had received proper notice he "might [have been] able to present evidence that [would have] resulted in [his] claim being granted." The Veterans Court rejected Saintignon's argument on this point because then-applicable Veterans Court precedent, Mayfield v. Nicholson, 19 Vet. App. 103 (2005), put the burden of showing prejudice from faulty notice on the veteran, and the Veterans Court held that Saintignon failed to show such prejudice.

Second, Saintignon argued that he was prejudiced by inadequate notice given to him at the BVA hearing as to the evidence he needed to submit to substantiate his claim. This argument was also rejected by the Veterans Court under Mayfield on the ground that Saintignon failed to show "any prejudice that would justify remanding this case for a new hearing."

Finally, Saintignon argued that the BVA improperly considered Social Security Administration ("SSA") records. This argument was also rejected by the Veterans Court on its holding that, under Mayfield, Saintignon failed to show prejudicial error from the BVA's alleged error in considering the SSA records.

II

On September 7, 2005, Saintignon, acting pro se, filed a notice of appeal from the final decision of the Veterans Court. His appeal was stayed (along with many others) pending this court's review of the Mayfield decision. On May 16, 2007, this court overruled Mayfield, holding that the burden to show lack of prejudice from faulty section 3.159(b) notice falls on the Secretary of the Department of Veterans Affairs ("Secretary"), not on the veteran. See Sanders v. Nicholson, 487 F.3d 881 (2007).

Following the issuance of the <u>Sanders</u> decision, the stay on this case (and the others being held for the <u>Sanders</u> decision) was lifted. On December 10, 2007, the Secretary—recognizing that at least the first ground decided by the Veterans Court was incorrect under <u>Sanders</u>—moved to remand this case to the Veterans Court for further proceedings. In response to that motion, this court asked Saintignon how he wished to proceed. His <u>pro</u> <u>se</u> response said he seeks review of "all issues" and "believes this appeal should move forward as seen by the court." Consequently, this court set the case for briefing in the ordinary course, and at completion of briefing the case was assigned to this panel.

III

The Secretary renews his request that the case be remanded in light of the error by the Veterans Court in applying <u>Mayfield</u> to the facts of Saintignon's case. Saintignon's informal brief does not address with particularity the three issues decided by the Veterans Court. Instead, he insists that the facts of record demonstrate his entitlement to the benefits he seeks. In his informal reply brief, Saintignon avers that he has met his "burden of proof."

IV

We agree with the Secretary that we must remand Saintignon's case because, after <u>Sanders</u>, the Secretary is required to shoulder the burden with regard to whether the notice failure is prejudicial. Because the Veterans Court also applied <u>Mayfield</u> to reject Saintignon's other arguments, remand of the case is appropriate.